**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VIP Lodging Group, Inc., a Georgia corporation; and Vallabh T. Patel, an individual,<br><br>Defendants. | No. CV-05-1438-PHX-DGC<br><br>**ORDER** |

Pending before the Court are Plaintiff's motion for preliminary injunction and motion for default judgment. Docs. ##2, 7. For the reasons set forth below, the Court will grant the motion for default judgment in part and deny the motion for preliminary injunction as moot.

**Background**

Plaintiff commenced this action by filing a verified complaint and a motion for preliminary injunction against Defendants on May 17, 2005. Docs. ##1-2. The complaint purports to state nine claims for relief: breach of contract, open account, post-termination use of trademarks, federal trademark infringement, false designation of origin and unfair competition, federal trademark dilution, state law unfair competition, state law trademark dilution, and common law trademark infringement. Doc. #1 ¶¶ 33-76. The complaint seeks

1  damages, injunctive relief, and attorneys' fees and costs. *Id.* at 14-16.

2  Defendants did not answer or otherwise respond to the complaint. Plaintiff thus
3  filed an application for entry of default on August 9, 2005. Doc. #5. The Clerk of Court
4  subsequently entered Defendants' default pursuant to Rule 55(a) of the Federal Rules of
5  Civil Procedure. Doc. #6. Plaintiff filed the present motion for default judgment and
6  supporting evidence on October 13, 2005. Docs. ##7-8.

**Discussion**

8  Pursuant to Rule 55(b)(2), Plaintiff seeks default judgment as follows: (1) on Counts
9  I and II of the complaint in the amount of $59,187.52, plus interest, for an outstanding
10 balance on an open account, (2) on Count III in the amount of $288,745.00, continuing at
11 the rate of $1,343.00 per day from August 25, 2005 until Defendants show that they have
12 ceased using Plaintiff's trademarks and service marks, (3) on Counts V through IX,
13 enjoining Defendants and their agents from using Plaintiff's marks, and (4) an award of
14 attorneys' fees and costs in the amount of $2,400.86. Doc. #7 at 2-3.[1]

15 Having reviewed the evidence Plaintiff submitted in support of its motion, the Court
16 will grant default judgment against Defendants on Counts I and II in the amount of
17 $59,187.52, plus interest. Doc. #8 ¶¶ 6-8, Ex. A; *see* Doc. #1 ¶¶ 33-42. The Court will also
18 grant Plaintiff the injunctive relief it seeks in Counts V through IX and reasonable
19 attorneys' fees and costs. Docs. ##7 Ex. 1, 8 ¶ 9; *see* Doc. #1 ¶¶ 54-76, at 16.

20 With respect to Count III, post-termination use of trademarks, Plaintiff states that
21 "[u]sing the information provided to [Plaintiff] by Defendants concerning room rates and
22 numbers of rooms, the formula for liquidated damages calculates to $1,343.00 per day."
23 Doc. #8 ¶ 11. Plaintiff, however, has presented no evidence to support this calculation.
24 *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (rejecting the plaintiffs'
25 assertion that the defendants' default admitted the full amount of damages claimed and

---

27 [1]Plaintiff does not seek default judgment with respect to Count IV, federal trademark
28 infringement. Doc. #7 at 2-3; *see* Doc. #1 ¶¶ 48-53. Plaintiff seeks default judgment with respect to "Counts X and XI," but no such counts are plead in the complaint. *See id.*

- 2 -

stating that "[t]he general rule of law is that upon default the factual allegations of the complaint, *except those relating to the amount of damages*, will be taken as true") (emphasis added); Fed. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required, *other than those as to the amount of damage*, are admitted when not denied in the responsive pleading.") (emphasis added).[2]  By November 25, 2005, Plaintiff shall submit evidence to the Court sufficient to establish the mean of Defendants' room rates per day and the total number of rooms. *See* Doc. #1 ¶¶ 43-47, Ex. 1 ¶ 24; *see also* Fed. R. Civ. P. 55(b)(2) ("If, in order to enable the court to enter judgment[,] . . . it is necessary to take an account or to determine the amount of damages . . . the court may conduct such hearings or order such references as it deems necessary[.]").

**IT IS ORDERED:**

1.   Plaintiff's motion for default judgment (Doc. #7) is granted in part.

2.   Default judgment is entered in favor of Plaintiff and against Defendants on Counts I and II of the complaint in the amount of $59,187.52, plus interest at the rate of 1.5% per month from August 1, 2005 until paid in full.

3.   With respect to Count III, Plaintiff shall submit evidence sufficient to establish the mean of Defendants' room rates per day and the total number of rooms by November 25, 2005.

4.   Default judgment is entered in favor of Plaintiff and against Defendants on Counts V through IX of the complaint. Defendants and their officers, agents, servants, and employees are enjoined from:

   a.   Using, displaying, advertising, or authorizing any other person to use, display, or advertise Plaintiff's "Best Western" trademarks and service marks.

   b.   Using, displaying, advertising, or authorizing any other person to use, display, or advertise any simulation, reproduction, counterfeit, copy, or colorable imitation

---

[2] Plaintiff has presented evidence that Defendants improperly used Plaintiff's marks for 166 days, from January 22 until July 7, 2005. *See* Doc. #8 ¶ 9, Exs. B & C.

1  of Plaintiff's "Best Western" trademarks and service marks in any manner likely to cause
2  confusion, mistake, or deception as to the identity or source thereof.

3        c.    Committing any acts intentionally calculated to cause others to believe
4  that Defendants are in any way connected to, associated with, or sponsored by Plaintiff.

5      5.    Plaintiff's motion for preliminary injunction (Doc. #2) is denied as moot.

6      6.    Plaintiff is awarded its attorneys' fees and costs in the amount of $2,400.86.

7  DATED this 4th day of November, 2005.

_____
David G. Campbell
United States District Judge